```
1  RICARDO HERNANDEZ
   HERNANDEZ LAW OFFICE, LLC.
2  440 S. 6TH STREET
   P.O. BOX 1039
3  SUNNYSIDE, WA 98944
   (509) 837-3184
4
```

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　vs.<br><br>YAMILEX ATKINSON,<br>　　　　Defendant. | ) No. 4:25-CR-06020-MKD<br>)<br>) Motion to Reopen Detention<br>) Hearing and for the Order of Release<br>)<br>)<br>) **With Oral Argument**<br>) September 4, 2025<br>) 3:30 p.m. Richland, WA |

Yamilex Atkinson, through counsel, Ricardo Hernandez, moves the Court to reopen the detention hearing to requests her release from custody.

**Background**

The defendant is charged by indictment with Obstruction and Attempted Obstruction of the Enforcement of Trafficking with Respect to Forced Labor and Obstruction and Attempted Obstruction of the Enforcement of Sex Trafficking of Children and by Force, Fraud and Coercion.

**Analysis**

Under 18 U.S.C. § 3142(f)(2) a detention hearing may be reopened "at any time before trial," based upon new information relevant to the issue of the Court's detention order. Mrs. Atkinson's Mother, Adela Chavez, has found a house to rent in Richland, WA, where Mrs. Atkinson and her two daughters can live. The house is located at 910 Winslow Ave., Richland, WA, 99352. Mrs. Chavez has agreed to co-sign a lease with Mrs. Atkinson. The house is available

MOTION TO REOPEN DETENTION HEARING

RICARDO HERNANDEZ
HERNANDEZ LAW OFFICE
440 S. 6TH STREET
P.O. BOX 1039
SUNNYSIDE, WA 98944
(509) 837-3184

immediately. Probation has informed Defense counsel that there appears to be no issues with the proposed living arrangements.

The Court must consider several factors in determining whether pretrial release is appropriate, including: (a) the nature and circumstances of the crime charged, (b) the weight of the evidence, (c) the history and characteristics of the defendant, and (d) the nature and seriousness of the danger to the community or individual. See 18 U.S.C. § 3142(g); United States v. Motamedi, 767 F.2d 1403, 1407 (9th Cir. 1985). Any "[d]oubts regarding the propriety of release should be resolved in favor of the defendant." Id.

### 1. Mrs. Atkinson is not a serious risk of flight and conditions can be fashioned to ensure her appearance.

Mrs. Atkinson is not a serious flight risk, and pretrial detention is not justified on this basis.

Based on Mrs. Atkinson's lifelong residence in the Tri-Cities, her risk of flight is minimal. Her entire immediately family resides in the Tri-Cities area, including her Mother, and 8 siblings, as well as her Grandma, and numerous extended family members.

The government bears the burden to show that no possible conditions could alleviate the risk of flight, even in a presumption case, and it has not met the burden here. United States v. Bustamante Conchas, 557 Fed. Appx. 803, 806 (10th Cir. 2014) ("Nor has the government shown that the conditions the district court imposed on Bustamante will not alleviate the risk of flight.")

### 2. Mrs. Atkinson is not a danger to the community.

Besides not being a serious flight risk, Mrs. Atkinson is also not a danger to the community, and there are conditions that can be fashioned to "reasonably assure the public's safety. See, e.g., United States v. Orta, 760 F.2d 887, 891 (8th Cir. 1985) (noting that "reasonably assure" does not

2

MOTION TO REOPEN DETENTION HEARING

RICARDO HERNANDEZ.
HERNANDEZ LAW OFFICE
440 S. 6TH STREET
P.O. BOX 1039
SUNNYSIDE, WA 98944
(509) 837-3184

mean "guarantee"). The allegations in this case are serious, but as the Court is aware, Mrs. Atkinson is still presumed innocent, and the nature and circumstances of the offense do not permit a pretrial determination of guilt. Also, the weight of the evidence is given the least weight. See Motamedi, 767 F.2d at 1408.

Accordingly, there is insufficient evidence upon which to detain Mrs. Atkinson for dangerousness to the community. The government "must convince a neutral decision maker by clear and convincing evidence that no conditions of release can feasibly assure the safety of the community or any person." United State v. Salerno, 481 U.S. 739, 750 (1987). The government has not met its burden here, and the Court can certainly impose reasonable conditions of release to address any concerns about Mrs. Atkinson, and assure the safety of the community.

3. **Release Plan.**

To address any concerns the Court may have about risk of flight or danger to the community, Mrs. Atkinson proposes these conditions of release:

a. Reside at 910 Winslow Ave, Richland, WA 99352

b. No use, or possession of firearms.

c. No use of controlled substances.

d. Report to the pretrial services' probation officer on a daily or weekly basis or as directed.

e. GPS Monitoring

3

MOTION TO REOPEN DETENTION HEARING

RICARDO HERNANDEZ
HERNANDEZ LAW OFFICE
440 S. 6TH STREET
P.O. BOX 1039
SUNNYSIDE, WA 98944
(509) 837-3184

## Conclusion

Mrs. Atkinson respectfully requests the Court to release her. She asserts there are a combination of conditions this court could impose to reasonably assure her appearance in court and the safety of the community.

Dated: August 29, 2025.

Respectfully Submitted,

s/ Rick Hernandez
Rick Hernandez

## Certificate of Service

I hereby certify that on August 29, 2025 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Laurel Holland, Assistant United States Attorney.

s/ Rick Hernandez
Rick Hernandez

4

MOTION TO REOPEN DETENTION HEARING

RICARDO HERNANDEZ
HERNANDEZ LAW OFFICE
440 S. 6TH STREET
P.O. BOX 1039
SUNNYSIDE, WA 98944
(509) 837-3184